| 4 | 49 |
| 26 | 259 |

THE PEOPLE OF THE STATE OF NEBRASKA, EX REL THERON NYE, PLAINTIFF, v. WILLIAM MARTIN, LORENZO A. KIMBALL AND CLEVINS C. KENDALL, DEFENDANTS.

1. **Elections :** PROCEDURE IN CONTESTED ELECTIONS OF COUNTY OFFICERS. The board of justices chosen under Sec. 26 of the general election law, *Gen. Stat.*, 359, in case of the contested election for any county office, should reduce all the evidence given before them to writing, in order to make the same available in case of an appeal to the district court ; and though the statute is silent as to whom the custody and control of such testimony shall be intrusted, there is ample inherent power in the appellate court, to compel its production upon consideration of the case there. The trial in the appellate court should be confined to the testimony so taken, though in case of its loss or destruction, neither party would be debarred from introducing necessary evidence to supply such omission.

2. ————: APPEALS TO DISTRICT COURT IN CASES OF CONTESTED ELECTIONS. A party aggrieved by any alleged error of the board of justices, chosen to hear contests relative to the election of any county officer, has his remedy by appeal to the district court, and a writ of mandamus from the supreme court to compel the correction of such error, does not lie against them. The statute regulating appeals in ordinary civil actions governs such appeal, and the appellate court has ample jurisdiction, though the cause must be tried by the judge without the aid of a jury.

THIS was an application to this court, in the exercise of its original jurisdiction, for a writ of mandamus. The facts in the case sufficiently appear in the opinion of the court without setting forth the application at length. The statute regulating contested elections for

4

county officers, and which is construed by the court here,
is as follows:

"SEC. 26. When any candidate or elector chooses to
contest the validity of an election, or the right of any per-
son proclaimed duly elected to any county office, such
person shall give the like notice required in the preced-
ing section of this chapter, and shall choose one justice of
the peace, on his part, and the adverse party shall choose
one other justice, and the two parties thus chosen shall
choose a third justice of the peace, and the said three
justices thus chosen, shall constitute a board to try the
matter; said justices, or either of them, shall have pow-
er, and are hereby authorized, to issue subpœnas or at-
tachments to all witnesses whose testimony may be re-
quired by either party, but the evidence shall be reduced
to writing. Said justices may adjourn from day to day,
until all the witnesses are heard, and they shall then
make their decision thereon; *provided, however*, that if
the adverse party shall not choose a justice of the peace
as herein provided, then, and in that case, the justice of
the peace chosen by the contestant, shall proceed to hear
and determine the matter in the manner aforesaid.
*Provided, however*, that either party feeling aggrieved
at the decision of the said justices of the peace, or jus-
tice of the peace, shall have the right to appeal to the
district court, the judge thereof, after full hearing of the
matter, to render his decision, which shall be final."
*General Statutes*, 359.

*N. H. Bell*, with whom was also *W. H. Munger*,
*R. Butler and M. B. Hoxie*, for the relator.

*E. F. Gray*, for the respondents.

LAKE, CH. J.

This is an application to this court for a writ of man-
damus. The relator was a candidate for the office of

county commissioner at the last general election in Dodge county, and one Henry B. Nicodemus was the opposing candidate. Upon a canvass of the returns from the several precincts of the county, by the proper officers, Nicodemus was declared elected by a majority of one vote, whereupon a certificate of election was issued to him, and he entered upon the discharge of the duties of the office, which he still holds, enjoying the emoluments thereof.

On the thirty-first day of October, 1874, the relator served the requisite notice upon Nicodemus to contest the validity of said election, and thereupon the respondents, who are justices of the peace for said county, were duly selected as a board to try the matter in question as provided by section twenty-six of the general election law. *General Statutes*, 359. The trial was had and resulted in a judgment in favor of Nicodemus.

The relator shows that on the trial he produced certain testimony for the consideration of the board, which he deemed material to his case, and that on objection being made by the attorney of Nicodemus, it was excluded. It is now sought by this proceeding, to compel the justices to reassemble as a board, receive the testimony so rejected, and reduce it to writing as the statute directs.

In considering this application, we are called upon to give a construction to section twenty-six of the general election law. This section may be said to embody the evidence of the will of the legislature on the subject of contests in the election of county officers. But in respect of the several questions discussed at the bar, and which necessarily arise, it is by no means easy to say, with certainty, just what the intention of the legislature was.

For instance, what is the authority of this board in the taking of the testimony? Do they act judicially or

ministerially? Can they hear and decide questions as to the admission or rejection of testimony, or are they required to receive whatever the respective contestants see fit to offer? Again, how is the decision of the board to be made known and preserved, and in case of an appeal from their decision to the district court, within what time, and by what particular steps, is it to be done? In respect of all these questions, at least, there is much uncertainty in ascertaining just what was intended.

One thing is certain, however, and this is that the testimony produced before them must be reduced to writing. This the statute positively requires; and we are of the opinion that it was contemplated that the whole of the testimony, which either party might see fit to offer, should be accepted by the board, and given such weight in the decision as they might think it entitled to, and no more. We are of the opinion that in the mere taking of the testimony, the board acted in a ministerial capacity, and that they should have taken and reduced to writing all that either party brought forward, precisely as is provided in section twenty-two of the same act, in contesting the election of a member of the state legislature. It must have been so intended, to the end that if the case should be taken to the district court on appeal, it would not necessitate the re-taking of the proofs. It is true the statute is wholly silent as to how the testimony taken by the board shall be transmitted to the district court in case of appeal; but on this point there is no doubt that there is ample inherent power in the court to compel its production, by the party in whose possession it might be. Again it may reasonably be supposed that each party, in the absence of any express direction, would see to it that his proofs should be preserved, and promptly produced in the appellate court, so as to avoid unnecessary expense and trouble to himself. But suppose a portion, or even

the whole of the testimony should be lost, or destroyed, before the case could be heard in the district court? Would this deprive the party aggrieved of his remedy by appeal? We think not. In such case he would be permitted to bring his witnesses before the court and thus supply the loss. And in case of the rejection of any material testimony by the board we think the same rule would apply. This must be so, or the right of appeal, which the statute gives, would, or rather might, prove to be a barren one.

The statute provides "that either party feeling aggrieved at the decision of the said justices," etc., "shall have the right to appeal to the district court, the judge thereof, after a full hearing of the matter, to make his decision, which shall be final." It will here be observed that there is no restriction whatever upon the power of the court, and no restraint upon the exercise of a sound discretion on every branch of the case, except that it must be tried to the judge without the aid of a jury. We are of the opinion, therefore, that the general rule governing appeals in ordinary civil actions must govern here, and that the whole merits of the controversy are open to examination; that on such appeal the court is expected to pass upon every question, whether of fact or law, which may have been properly raised in any stage of the proceeding, and if it shall be found that proper evidence to which a party was entitled, has been erroneously excluded, or that any other substantial error has intervened to the prejudice of either party, to apply the proper corrective. There can be no doubt that the jurisdiction of the court is ample to prevent any injustice, ultimately, being done.

It may be best to add, that we are of the opinion, it was contemplated by the legislature, that on appeal the parties should be confined strictly to the testimony and proofs taken before the justices of the peace, unless it should be made satisfactorily to appear that some portions so

taken had been lost or destroyed, or that something to which a party was entitled had been wrongfully excluded by the board, in which case it would be proper to permit it to be supplied.

This we think renders it clear that the relator has a complete remedy at law, by appeal, as provided in the section of the statute before referred to, and therefore it is wholly unnecessary to the due administration of justice that the extraordinary remedy here sought should be applied. The writ of mandamus is for these reasons denied, and in this opinion all the justices concur. Judgment will be entered accordingly.

WRIT DENIED.

All of the judges concurred.