DAVID G. HAGGARD, PLAINTIFF IN ERROR, v. MATTHIAS S. WALLEN, ADMINISTRATOR OF A. C. JOHNSON, DEFENDANT IN ERROR.

| | |
|---|---|
| 6 | 271 |
| 7 | 294 |
| 13 | 426 |
| 14 | 451 |
| 15 | 27 |
| 17 | 515 |
| 21 | 158 |
| 24 | 831 |
| 6 | 271 |
| 26 | 261 |
| 6 | 271 |
| 33 | 106 |
| 6 | 271 |
| 28 | 618 |
| 6 | 271 |
| 36 | 631 |
| 6 | 271 |
| †40 | 894 |
| 6 | 271 |
| 42 | 610 |
| 6 | 271 |
| 47 | 230 |
| 47 | 916 |

1. **Replevin: PLEADING.** A petition in replevin should state that the plaintiff is the owner of the goods sought to be recovered (or has a special property therein stating its nature), that he is entitled to the immediate possession of such goods, and that the defendant wrongfully detains the same. The gist of the action is the unlawful detention of the property.

2. **Pleading. PETITION.** Where a petition is defective for want of a material averment, and such averment is supplied by the answer, the defects in the petition will thereby be cured.

3. **Herd Law.** It is the duty of a party taking up stock, under the provisions of an act for a general herd law to protect cultivated lands from trespass by stock, to give notice to the owner of such stock within a reasonable time after taking up the same. As to what is a reasonable time must be determined by the circumstances of each case.

4. ———: **ARBITRATION.** The object of the provision for arbitration is to afford a speedy and inexpensive mode of ascertaining the damages sustained by trespass of stock upon cultivated lands. Courts construe proceedings of this kind with great liberality in all matters except as to the jurisdiction.

ERROR to the district court of Saunders county. It was an action of replevin tried below before POST, J., who rendered judgment for defendant in the sum of one dollar damages and costs of suit.

*W. A. Marlow*, for plaintiff in error.

*W. H. Munger*, for defendant in error.

MAXWELL, J.

It is claimed by the defendant that the petition does not state facts sufficient to constitute a cause of action. The following is a copy of the petition:

"That on or about the seventh day of November 1875, in Marietta precinct in Saunders county, Nebraska, the defendant wrongfully detained and still detains in his possession the following described goods and chattels of the plaintiff, to-wit: One black and white spotted sow pig, being of the value of fifteen dollars, to the damage of the plaintiff in the sum of ten dollars. This action is brought in replevin to recover the possession of said personal property, to-wit: One black and white spotted sow pig, and the plaintiff asks judgment accordingly and for ten dollars damages."

A petition in replevin should state that the plaintiff is the owner of the goods sought to be recovered (or has a special property therein, stating its nature), that he is entitled to the immediate possession thereof, and that the defendant wrongfully detains the same. The gist of the action is the unlawful detention of the property.

The action can be maintained only in cases where the plaintiff is entitled to the immediate possession of the property. The petition therefore is defective in not stating that the plaintiff is entitled to the immediate possession of the property. *Williams v. West*, 2 Ohio State, 85.

In cases where the petition is defective for want of a material averment, and such averment is supplied by the answer and is not inconsistent with the averments in the petition the defects in the petition will thereby be cured, at least after verdict and judgment thereon. *Erwin v. Shaffer*, 9 Ohio State, 44. *Insurance Company v. Kelly*, 24 Ohio State, 365.

The defendant, in his answer, claims to be entitled to the possession of the property under the provisions of an act for a general herd law to protect cultivated lands from trespass by stock.

On the tenth day of November, 1874, the defendant served the following notice on the plaintiff:

" Mr. HAGGARD:

"This is to notify you that I did, on Saturday, November 7, 1874, take up one hog belonging to you on section 4, east ½ of S. E. ¼ of said section. I am damaged to the amount of $3.00. I do hereby appoint E. B. Smith and A. M. Smith as arbitrators to appraise said damages if you do not see fit to pay the same with costs.

"A. C. JOHNSON."

The notice was served on the plaintiff on the tenth day of November, 1874. On the ninth of that month the plaintiff commenced an action in replevin for the recovery of the property. The summons and order of delivery were served on the defendant on the twelfth day of the month and the property delivered to the plaintiff.

It is the duty of a party taking up stock under the provisions of the act in question to notify the owner, if known, within a reasonable time after taking up the stock. As to what is a reasonable time must depend to a great extent upon the circumstances attending each case. The notice certainly was sufficient to give the defendant a lien on the property. Courts construe proceedings of this kind with great liberalty in all matters except as to the jurisdiction. *Harding v. Trustees*, 3 Ohio, 232. *Austin v. Hayden*, 6 Ohio, 388.

The object of the law is to afford a speedy and inexpensive mode of ascertaining the damages sustained by trespass of stock upon cultivated lands. If either party is aggrieved by the award he has a right to appeal.

Substantial justice between the parties appears to have been done in the case. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.