SAMUEL BUCHER, PLAINTIFF IN ERROR, V. JENNIE WAGONER AND OTHERS, DEFENDANTS IN ERROR.

**Herd Law.** A person taking up stock for trespass upon cultivated lands under the provisions of the herd law of 1871, acquires no lien upon such stock unless he comply substantially with the provisions of the act.

ERROR to the district court for Richardson county. Tried below before WEAVER, J.

*A. R. Scott,* for plaintiff in error.

*C. Gillespie,* for defendant in error.

MAXWELL, J.

In the summer of 1880, the plaintiff in error was herding a number of cattle for Yeoden and Whitmore for twenty cents per head per month, and while thus engaged sixteen head escaped, and entered the cultivated lands of J. A. Wagoner, and thereby committing injury to his growing crops. Wagoner thereupon caused the trespassing animals to be taken up, and verbal notice thereof was given to the plaintiff. The amount of damages claimed was five dollars. The defendants, at the time of taking up the stock, in an informal manner agreed to select an arbitrator, but afterwards refused to do so, and claimed five dollars damages and refused to surrender the stock unless this sum was paid. The plaintiff offered two dollars, which was not accepted. The cattle were reclaimed by an action of replevin. On the trial of the cause the court found the right of possession of said stock at the commencement of the action to be in the defendants, and assessed the value of the same at $5.

The question for determination is, the right of a party to a lien upon the stock for damages committed by it upon

cultivated lands where he has failed to serve the notice required by law or to select an arbitrator.

Sec. 3 of "An act for a general herd law to protect cultivated lands from trespass by stock," approved April 1, 1871, provides: "That when any such stock shall be found upon the cultivated lands of another, it shall be lawful for the owner or person in possession of said lands to impound said stock; and if the owner of said stock can be found, and is known to the taker-up, it shall be the duty of said taker-up to notify said owner by leaving a written notice at his usual place of residence, with some member of his family over the age of fourteen, or in the absence of such person by posting a copy of such notice on the door of said residence of the taking up of said stock, describing it, and stating the amount of damages claimed; also, the name of his arbitrator, and requiring him within forty-eight hours after receiving said notice to take the said property away, after making full payment of all damages and costs to the satisfaction of said taker-up of trespassing animals. Said notice may be in the following form: Mr. ........., You are hereby notified that on this ...... day of ........., 18...; your stock, of which I now have in my possession (here describe the animal or animals), did trespass upon my land and damaged the same to the amount of ......... You are required to pay the above charges within forty-eight hours from the delivery of this notice or the aforesaid stock will be sold as provided by law. I have appointed Mr......... to act as arbitrator should you not feel satisfied with the amount of damages claimed in the within notice. *Provided*, that no claim for damages shall be maintained by the taker-up without the notice contemplated in this section shall have been given when the owner is known by the taker-up of said such stock."

Sec. 5 provides that: "In case the parties interested cannot agree as to the amount of damages and costs sustained, each party may choose a man, and in case the two

men chosen cannot agree they shall choose a third man, who, after being duly sworn for the purpose herein named, the three shall proceed to assess the damages, possessing for that purpose the general power of arbitrators."

Sec. 6 provides that: "The said arbitrators shall make an award ·in writing, which, if not paid within five days after the award has been made, may be filed with any justice of the peace in the same county, and shall operate as a judgment, which judgment shall be a lien upon the stock so taken up, and execution may issue upon said stock for the collection of said damages and costs as in other cases; *Provided*, that either party may have an appeal from said judgment, as in cases before justices of the peace." Comp. Stat., 50.

Where stock trespasses upon cultivated lands, the statute gives the party injured a lien upon such stock for the damages sustained, provided he comply· with the procedure given in the statute. Thus he must take the stock up and serve a notice thereof upon the owner, if known, stating the amount of damages claimed and also the name of the person selected by him as arbitrator in case the owner of the stock considers the amount claimed to be excessive and desires to submit the matter to arbitration. It is the notice and the subsequent substantial compliance with the statute that give the right to enforce the lien by a sale of stock.

In *Haggard v. Wallen*, 6 Neb., 271, the question arose on the sufficiency of the notice, and it was held sufficient. And in *Shroaf v. Allen*, 12 Id., 109, a verbal notice was held sufficient where the parties in pursuance thereof agreed to arbitrate the matter of damages but had failed to do so, the person taking up the stock being ready at all times to submit the matter. In other words, that the owner of the stock, by appearing and agreeing to select an arbitrator to appraise the damages, had waived the written notice and could not afterwards insist upon the want of notice to defeat the lien. And we adhere to that decision because

the notice, although verbal, was in substantial compliance with the law, and was accepted by the stock owner as sufficient. But in this case the person taking up the stock refused to submit the matter to arbitration to ascertain the amount of damages; in fact, refused to select an arbitrator or submit the matter for adjudication. He made an arbitrary demand for damages, and refused to take the necessary steps to ascertain the actual amount. Suppose the claim had been for one hundred or one thousand dollars, would the owner of the stock have been compelled to pay the amount claimed, without regard to the amount of damages, in order to release the stock? Clearly not. It may be said that the amount claimed did not, in this case, exceed the amount of damages sustained. But who is to determine that question. The law was designed to afford a speedy and inexpensive mode of adjusting damages committed by trespassing animals upon cultivated lands. The arbitrators view the premises soon after the injury and determine the amount to be paid. The owner of the stock may then pay the sum awarded and have his stock released. Where there has been a substantial compliance with the law, the proceedings will be construed very liberally in order to sustain them. But the person taking up stock acquires no lien thereon unless he comply substantially with the terms of the statute, and this the defendants wholly failed to do. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.