JENNIE DEGERING, PLAINTIFF IN ERROR, V. SABINA FLICK AND JOSEPH FLICK, DEFENDANTS IN ERROR.

Replevin: FINDING: JUDGMENT. A finding that the plaintiff had possession of the property at the commencement of the action will not sustain a judgment of replevin against a defendant for wrongfully detaining it.

ERROR to the district court for Adams county. Tried below before MORRIS, J.

*Batty & Ragan,* for plaintiff in error.

*Tanner & Capps,* for defendants in error.

MAXWELL, J.

In January, 1883, the plaintiff commenced an action of replevin against the defendants before a justice of the peace to recover the possession of certain articles which it is alleged the defendants wrongfully detained. The return of the officer shows that the property was taken under the writ and delivered to the plaintiff upon an undertaking being given as required by law. On the trial of the cause a jury was waived, the cause being tried to the justice, who made the following findings: "I do find that the possession of the property here in controversy at the beginning of this action was in the plaintiff, and do so find and for costs of this action; wherefore it is by me considered and adjudged that the plaintiff do have peaceable possession of the property here in controversy from the defendants, together with all her costs of this action herein expended, and taxed at $7.50, and do have execution hereon."

The case was taken on error to the district court, the errors assigned being: 1st, That the finding of the court is vague, uncertain, and indefinite, and cannot maintain

the judgment of said court; 2d, That the court could not render judgment in favor of the plaintiff without first finding that at the commencement of the action the plaintiff had the right of possession of the property; 3d, That the court should have found the ownership and also the right of possession. The district court reversed the judgment of the justice and held the case for trial. The plaintiff brings the case into this court by petition in error.

The gist of the action of replevin is the unlawful detention by the defendants of the plaintiff's property. *Haggard v. Wallen*, 6 Neb., 271. *Moore v. Kepner*, 7 Id., 38. *Ferrell v. Humphrey*, 12 Ohio, 113. An action of replevin can only be maintained against a defendant who is in possession of the goods when a demand is made or when the suit is commenced. Wells on Replevin, sec. 134 and cases cited in note I. The reason is, the action is brought to recover the possession of specific chattels which it is alleged are unlawfully detained. If the goods are not detained by the defendant he is not liable in that form of action; nor can the action be maintained by a plaintiff who at the time the action is brought is in possession of the goods. The justice in this case finds that the possession of the property in controversy at the commencement of the action was in the plaintiff. If this was so, the defendants could not be wrongfully detaining the same. It will be said that the intention of the justice was to find the *right of property* in the plaintiff, and not that she had possession. But how are we to know that fact? None of the evidence is preserved in the record, nor is there anything to show a mistake in the entry. We must be governed by the record. A finding that the plaintiff had possession will not sustain a judgment in favor of the plaintiff. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.