ANTON DEIRKS AND DEITRICK DEIRKS, PLAINTIFFS IN ERROR, v. H. H. WIELAGE, DEFENDANT IN ERROR.

1. **Herd Law.** A person taking up stock for trespass upon cultivated lands, under the provisions of the herd law of 1871, acquires no lien upon such stock unless he complies substantially with the provisions of the act. *Bucher v. Wagner*, 13 Neb., 424.

2. ———: REPLEVIN OF STOCK. Where the taker-up of trespassing stock, upon the application of the owner so to do, refuses to appoint an arbitrator for the purpose of ascertaining the damage done, after an arbitrator has been selected upon the part of the owner, but demands the payment of a specific sum of money, he thereby loses his right to the possession of the stock, and the owner may maintain replevin therefor.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Charles E. Magoon,* for plaintiffs in error.

*J. E. Philpott,* for defendant in error.

REESE, J.

This cause was an action of replevin for the possession of a bull belonging to defendant in error, plaintiff below. The trial resulted in a verdict and judgment in favor of the plaintiff in the action, and the defendant, as plaintiff in error, brings the case into this court for review by petition in error.

The facts in the case may be briefly stated as follows: The animal in question escaped from the premises of defendant in error and broke into and trespassed upon the pasture land of plaintiff in error, where his cattle were, and being found there by plaintiff in error was detained, by being herded away from the other cattle and within the enclosure. Notice was verbally given to defendant in error of the fact, and he at once went to the premises of plaintiff in error for the purpose of removing the animal to his home, but plaintiff in error demanded more compensation than he was willing to pay. He then procured an arbitrator and returned, and requested plaintiff in error to select his arbitrator, which plaintiff in error declined doing, saying he wanted five dollars for trouble and labor in keeping the animal away from his herd, and that the question of damages could be settled only after it was ascertained how much damage had been done by reason of the bull—which is denominated a " scrub "—getting with his cows. Defendant in error then instituted the action.

The third instruction given by the court to the jury at the request of defendant in error was as follows :

" You are further instructed that if you shall find from the evidence that the plaintiff went to the defendants and requested them to name an arbitrator to settle the amount

they should receive for any injury or damages done by said bull, and then on his part offered and named such an arbitrator, then it was the duty of the defendants in a reasonable time to name such an arbitrator and to submit their said differences to such arbitrators; and that in case you shall further find from the evidence that the defendants failed and neglected to appoint and name an arbitrator on their part to act with an arbitrator named by the plaintiff, or if you shall find from the evidence that the defendants, upon a request to them by plaintiff to name and appoint an arbitrator to act with such an arbitrator named by him, wholly refused so to name or appoint such an arbitrator, and demanded that plaintiff should pay them a certain sum fixed by them as such damages and compensation, then the plaintiff was at once entitled to the possession of said bull. The defendants were not thereafter entitled to hold possession thereof, and you should find thereupon for the plaintiff." The giving of this instruction is alleged as error.

We cannot hold the giving of the instruction to be erroneous. Assuming, as we may, perhaps, that plaintiff in error was entitled to a lien upon the trespassing animal for the amount necessary to compensate him for the detention and care necessarily required, yet that lien was a statutory one, and depended upon a substantial compliance with the requirements of the law for its continuance and enforcement. He was required to give the written notice of the capture, amount of damage, and the name of his arbitrator. Comp. Stat., Ch. 2, Art. III. This was waived by defendant in error by the selection of his arbitrator and requesting plaintiff in error to select his, which plaintiff in error refused to do. It was clearly his duty to do so if he wished to perpetuate his lien.

In *Bucher v. Wagoner*, 13 Neb., 424, which we think is decisive of this case, it was held that a substantial compliance with the statute was necessary, otherwise no lien was acquired. In that case Judge MAXWELL, in writing the

Deirks v. Wielage.

opinion of the court, says: "But in this case the person taking up the stock refused to submit the matter to arbitration to ascertain the amount of damages, in fact refused to select an arbitrator or submit the matter to adjudication. He made an arbitrary demand for damages, and refused to take the necessary steps to ascertain the actual amount." And again it is said: "But the person taking up stock acquires no lien thereon unless he complies substantially with the terms of the statute, and this the defendant wholly failed to do."

But it is claimed that defendant in error cannot complain that plaintiffs in error refused to appoint an arbitrator to ascertain the damage done, for the reason that a reasonable length of time was not given them in which to make the selection of an arbitrator. However that might have been, had plaintiff in error required further time, it is quite clear that the rule contended for can have no application to this case, for plaintiff in error refused to make such appointment. It would have accomplished nothing to wait longer when plaintiff in error had already decided he would make no selection. It is true his reason for declining was that it was impossible to ascertain the damages done to his cows at that time. But this does not aid the matter. He could not legally keep the animal there until that fact could be ascertained, and therefore it would seem that he would have to resort to another remedy for damages of that character. It is evidently the purpose of the law that the taker-up of stock shall have a lien for only such damages as could be ascertained by arbitrators to be immediately appointed.

We think the ruling of the district court was correct, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.