W. K. DYE, PLAINTIFF IN ERROR, v. THOMAS RUSSELL, DEFENDANT IN ERROR.

1. Justice of Peace: VERDICT. Where a justice of the peace, in a cause before him tried to a jury, recited in his docket that the jury rendered a verdict in favor of the plaintiff for a specified sum, instead of entering the verdict itself in his docket, *Held*, Error without prejudice.

2. ———: FINDING. Where a judgment is based on a verdict of a jury it is unnecessary for the justice to make findings of fact.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

*J. L. Roberson*, for plaintiff in error.

*C. C. Flansburg*, for defendant in error.

MAXWELL, J.

The defendant in error brought an action against the plaintiff in error before a justice of the peace, to recover

the sum of $131.19. Various proceedings were had, and a jury demanded and selected, and on the 21st day of March, 1887, a trial was had, the docket entry reciting, "That by agreement of parties in open court a jury of five was taken as a regular panel, jury sworn, consisting of Jonathan Thompson, Samuel Thompson, Charley White, Noah Rorick, and R. T. Holly, who, after hearing the evidence of both parties, and argument of counsel, and deliberating on their verdict, a verdict for the plaintiff in the sum of $25, demanding their fees fixed by law, and plaintiff being in court and paying said cost, it is therefore ordered and adjudged by the court that the plaintiff have and recover of the defendant the said sum of $25, and judgment is hereby rendered for the plaintiff against the defendant for the sum of $25 and costs of this suit, taxed at the sum of $56.80."

The case was taken on error to the district court, where the judgment of the justice was affirmed.

The principal grounds relied upon in this court for the reversal of the judgment are, that the verdict is defective in form, and that there is no finding on which to base the judgment. The docket entry does not purport to set the verdict out as delivered by the jury, but merely to state the purport thereof. The proper course for the justice is to copy the verdict into his docket, but if instead of doing so he merely states the purport thereof, and no prejudice results to either party therefrom, it will be error without prejudice. Reviewing courts while holding inferior tribunals strictly within the limits of their jurisdiction, are liberal in reviewing their proceedings in respect to regularity and form.

In *Harding v. Trustees*, 3 Ohio, 231, the court say: "We have always treated the proceedings of justices of the peace with great liberality and indulgence, and have referred their irregularities, as far as possible, to form, so as to admit of amendment whenever it could be done

without violating any established rule of law or practice."
See also *Scovern v. State,* 6 O. S., 288. *Beebe v. Scheidt,* 13
Id., 416. *Haggard v. Wallen,* 6 Neb., 271.

In *McGarvey v. Puckett,* 27 O. S., 673, in an action of
forcible entry and detainer, the verdict returned was, " We,
the jury in the above case, do find for the plaintiff."
There is nothing to show that the defendant had objected
to the form of the verdict, and the supreme court held
that it was sufficient. The same rule will apply in this
case.

2d. Where there is a verdict of a jury it is neither neces-
sary nor proper for the justice to find the facts in the case,
his duty being to render judgment on the verdict. Upon
the whole case it is evident that there is no merit in plaint-
iff in error's objections, and that they are purely technical.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.