Sloan v. Bain.

---

## J. G. SLOAN, SHERIFF, v. BRISON BAIN.

FILED APRIL 10, 1896.   No. 6344.

1. **Trespassing Animals:** DISTRAINOR'S LIEN: HERD LAW.
   One taking up stock trespassing upon his cultivated
   lands must, in order to preserve the lien allowed for his
   damages, comply substantially with the provisions of
   our herd law. (Compiled Statutes, ch. 2, art. 3.)

2. ———: ———: NOTICE. The question of the reasonable
   ness of the notice required to be given the owner of
   stock so taken up, if known, is generally one of fact
   depending upon the circumstances of the particular case.

ERROR from the district court of Pawnee
county. Tried below before BUSH, J.

*G. E. Becker* and *W. W. Giffen,* for plaintiff in error.

*D. D. Davis* and *C. N. Mayberry, contra.*

POST, C. J.

This was an action of replevin commenced before a justice of the peace for Pawnee county, from whence it was taken by appeal to the district court for said county, when a trial was had resulting in a verdict and judgment for Bain, the plaintiff therein, and which has been removed into this court for review by means of the petition in error of Sloan, the defendant below.

The facts out of which the controversy arose are, briefly stated, as follows: One George Gartner, in the month of March, 1892, took up certain cattle, the property of the defendant in error Bain, found trespassing upon his, Gartner's, cultivated land in Pawnee county. Fifteen days later he caused Bain to be served with notice of which the following is a copy:

"MAYBERRY, NEB., April 12, 1892.

"MR. BRISON BAIN: You are hereby notified that on the 28th day of March, 1892, I took up some stock that I listed as strays, and from information that I have received I am led to believe that they belong to you. I have ten now in my possession and they are described as follows, * * * which animals did trespass upon my lands, and as I thought that the said animals were strays, I took them up as strays and listed them as required by law. The amount of damage said stock done I have placed at $25. You are required to pay the above charges within forty-eight hours.

from the delivery of this notice, or said stock will
be sold as provided by law.    I have appointed Mr.
W. F. Parker to act as arbitrator should you not
feel satisfied with the amount of damage in the
within notice.            GEORGE GARTNER."

Bain, it appears, paid no attention to the fore-
going notice, and Gartner in due time filed his
claim, with proof of service, with Joseph Brown,
a justice of the peace for said county, who found
that the cattle in question had been taken up
while trespassing upon Gartner's land and or-
dered them sold to satisfy the damage of the lat-
ter, assessed at $25.    A writ was thereupon issued
to the defendant below, Sloan, commanding him as
sheriff to sell said cattle as upon execution; but
before the day appointed for the sale they were
taken from his possession by virtue of the order of
replevin in this cause.    Gartner without doubt
had a lien upon the cattle in controversy, when
taken up by him, for the amount of his damage;
hence our investigation involves a single inquiry,
viz., whether such lien existed in his favor at the
time this action was commenced.    It has been
frequently held that one taking up stock while
trespassing upon his premises must, in order to
preserve the lien allowed for his damage, comply
substantially with the provisions of our herd law
with respect to notice, etc. (Compiled Statutes,
ch. 2, art. 3; *Haggard v. Wallen*, 6 Neb., 271; *Bucher
v. Wagoner*, 13 Neb., 424; *Hanscom v. Burmood*, 35
Neb., 504.) Although, as said in the case last
cited, notice must be given to the owner of stock
so taken up, if known, within a reasonable time,
the question is generally one of fact depending
upon the circumstances of the particular case.
And it cannot be asserted as a proposition of law

that the time in this case, fifteen days, is unreasonable, there being no evidence tending to prove knowledge by Gartner of Bain's ownership previous. to the date of the notice above set out. There was proof of a tender by Bain before the commencement of this action of the sum of $3 in satisfaction of Gartner's lien, but there was .no evidence whatever tending to show the amount of the damage actually suffered by the latter. The evidence is entirely free from conflict and suggests no reason for holding that the statutory lien upon the cattle impounded has been discharged by act of Gartner or by operation of law. It follows that the right of possession of the property in controversy was at the time this action was commenced in the plaintiff in error. The judgment is accordingly reversed and the cause remand for further proceedings in the district court.