HODGE v. RUGGLES AND THE ST. L., K. C. & N. R. Co.

1. **Appeal:** FROM JUSTICE OF THE PEACE. An appeal lies from an order or judgment of a justice of the peace which is in its effect final, and whether it be one of law or of fact.

2. —— RULE APPLIED. It is accordingly *held*, that an appeal lies from an order of a justice dissolving an attachment on motion of a garnishee and discharging him thereon; such order being a disposition of the garnishment, and a final judgment thereon within the meaning of the law.

3. **Justice of the peace:** JURISDICTION: PRESUMPTIONS. Where the jurisdiction of a justice of the peace is by consent of the parties (Rev., § 3850) extended to a case involving a sum greater than $100, it will, in the absence of a showing to the contrary, be presumed that such consent was given before the institution of the suit and the issuing of an attachment therein. The rule that courts and officers are presumed to act rightly, is extended to inferior courts.

3. —— The consent of a garnishee under the attachment, to such jurisdiction, is not necessary to bind him.

*Appeal from Wapello Circuit Court.*

FRIDAY, JANUARY 25.

ON the 13th day of July, 1872, plaintiff filed in the office of a justice of the peace a petition claiming of defendant Ruggles, the sum of $112 on an account, and asking for an attachment. On the same day service of notice was accepted, with the written consent of defendant, that the justice take jurisdiction of the action, and an attachment was issued whereon the St. L., K. C. & N. R. Co. was garnished. Upon the return of the notice and writ of attachment, the garnishee appeared and moved to dissolve the attachment, and that he be discharged on these grounds: The justice had no jurisdiction to issue the writ, the claim being for more than $100, and no consent was given at the time the writ was issued to extend the jurisdiction. The consent afterward on the part of the defendant did not cure the defect, and extend the jurisdiction over

the garnishee, and the garnishee himself did not consent to give the justice jurisdiction.

The motion was sustained, whereupon plaintiff appealed to the circuit court. The garnishee then insisted that the motion could not be heard and determined ; that the action of the justice, if erroneous, could be corrected only on writ of error. But the court entertained jurisdiction of the appeal, and, over-ruling the motion sustained by the justice, ordered the garnishee to answer by the second day of the next term. The garnishee appeals.

*Edwd. H. Stiles* and *E. L. Burton* for the appellant.

*W. H. C. Jaques* for the appellee.

BECK, Ch. J. — I. The first position of appellant is that the order of the justice dissolving the attachment could not be appealed from. The circuit court, therefore, had no juris-diction, and could not review the action of the justice. A writ of error, it is insisted, is the only remedy authorized in such cases. Rev., § 3917, provides that " any person aggrieved by the final judgment of a justice may appeal therefrom.'' The judgment in the justice's court upon the motion finally disposed of the rights of plaintiff as to this action, so far as the garnishee is concerned. Upon the matter of the garnishment it was a final judgment, a final disposition of that branch of the case from which an appeal lies. The plaintiff was entitled under the law to have the matter upon the appeal re-tried on the merits. *Griffin* v. *Moss*, 3 Iowa, 261.

II. It is next insisted by appellant that the circuit court, if it was authorized to review the motion, should have sus-tained it. The jurisdiction of justices of the peace by consent of parties may be extended to actions involving sums exceeding $100. Rev., § 3850. The institution of the suit, the consent by defendant to the jurisdiction of the justice, and the issuing of the attachment, all bear date of the same day. It will be pre-sumed that these separate steps were taken as to time in the

order which would confer jurisdiction upon the justice, the consent first, and the others following. Such a presumption is not in conflict with the facts, is consistent therewith, and is authorized by the rule that courts and officers are presumed to act rightly. This rule is extended to inferior courts. Rev., § 4120. The justice then had jurisdiction of the case. As to the defendant, there can be no question of the justice's right to issue an attachment. He had jurisdiction of the case, and the attachment is but an auxiliary proceeding, receiving vitality from the jurisdiction of the subject-matter of and parties to the action possessed by the justice, and from no other source. The attachment being properly issued, the law authorized it to be enforced by the garnishment proceeding, which is, in fact, but the manner of the service of the writ to bind choses in action and property not in possession of the defendant. Now, to hold that the attachment could not be served without consent of the garnishee, so as to bind him, would make the execution of a legal writ, when served in a manner authorized by law, depend on the will of a party to be affected by it — an absurd result that cannot be admitted.

The justice of the peace having jurisdiction of the case by the consent of defendant and authority to issue the writ, the plaintiff is entitled to the full benefit of the remedy pursued by him as against the garnishee. This position, we understand, is admitted in their argument by appellant's counsel. Our conclusion, then, that the justice had such jurisdiction, disposes of the cases. The ruling of the circuit court was correct, and must be

Affirmed.