Hansen v. Bergquist.

KARNA HANSEN, PLAINTIFF IN ERROR, V. GUSTAVE BERGQUIST, DEFENDANT IN ERROR.

1. **Practice in Probate (County) Courts:** SETTING ASIDE JUDGMENT. Where summons was duly issued by the probate court, and served upon a defendant, who appeared and filed a motion to dismiss the action because the petition was not properly verified, which motion, on the third Monday of the month, was sustained, but on the 27th day of the same month, the judgment of dismissal was set aside: *Held*, in the absence of a showing to the contrary, it will be presumed the defendant had notice of the order setting aside the judgment. Such order is voidable, not void.

2. ———: JUDGMENT BY CONFESSION. The provisions of the statute requiring the probate (county) judge to continue all cases undisposed of on the third Monday of each month, does not prevent the court from rendering judgment by confession or hearing and deciding cases by agreement at any time during the month.

3. **Practice:** FINAL ORDER. An order setting aside a judgment dismissing a cause may be reviewed on error.

ERROR to the district court of Dodge county. Heard before POST, J., on motion of defendant to quash an execution issued by the clerk upon a tran-

NOTE.—It is not necessary that the record of a judgment rendered in the probate (county) court, in cases where the amount in controversy exceeds the jurisdiction of a justice of the peace, should show that a regular term of that court had commenced on the day fixed by statute, and continued from day to day until the rendition of the

script filed in his office of the proceedings and judgment of the county (formerly probate) court of Douglas county.    Motion sustained and exceptions taken by plaintiff.

*C. Hollenbeck*, for plaintiff in error.

1.    Where a transcript of a judgment is filed in a different county from where it was rendered, the defendant cannot avail himself of any defense he may have to such judgment by attacking it in the county where the transcript is filed, but must make his defense against the original judgment.    *Mellon v. Guthrie*, 51 Penn. State, 116.    *Boyd v. Miller*, 52 Penn. State, 431. In all matters within its jurisdiction, the decrees of the probate court are final and conclusive, and can only be impeached for fraud or reversed on error.    *Ward v. State*, 40 Miss., 108.

2.    The objection, that there was no finding of facts in the probate court, is without force.    In courts of inferior jurisdiction matters of form are disregarded. *Lewis v. Watrus*, 7 Neb., 477.    Freeman on Judgments, §§ 47, 50, 51, 52, 53.

3.    The objection, that the probate court had no jurisdiction to set aside the order made on the 18th day of August, on the 27th of August, we think not well taken.    Section (59), of Gen. Stat., entitled "Pro-

judgment.    It is sufficient if the record show that the court was in regular session when the judgment was pronounced.    *Kelly v. Morse*, 3 Neb., 224.    The dismissal of actions in the county courts is governed by rules applicable to cases commenced before justices of the peace.    *Banks v. Uhl*, 6 Neb., 145.    On the first day of the return term, B demurred to the petition of A ; demurrer sustained ; amended petition filed immediately ; B withdrew from court-room and did not return ; same day B defaulted ; next day trial had in absence of B, and judgment for A.    *Held*, no error.    *Naracong v. Graves*, 8 Neb., 443.—Rep.

bate Court," provides that any cause, matter, or proceeding, pending therein, may be proceeded in at any time. The defendant having once appeared in said action, notice will be presumed. The probate court being a court of record, it is entitled to all the presumptions in favor of jurisdiction. Freeman on Judgment, §§ 517, 518. *Kelly v. Morse*, 3 Neb., 224. In any event, the act of the probate court in setting aside its judgment against plaintiff could in no way prejudice the defendant. He was never entitled to the judgment of dismissal. *Fritz v. Barnes*, 6 Neb., 435.

4. The order of the court, re-instating said cause, did not in any degree affect the defendant. It simply left the action pending against him, and the final determination of the cause was not had until the defendant had had ample notice, as the record shows.

*Marlow & Munger*, for defendant in error.

1. If the judgment of the probate court was void, then a motion to quash the execution was a proper remedy. Freeman on Executions, § 73.

2. The execution having been issued out of the district court of Dodge county, the application to quash the writ must be made in that court. Freeman on Executions, § 75.

3. The court had no jurisdiction to set aside the judgment of dismissal without notice having first been served upon defendant of the application (Sec. 604, page 633, Gen. Statutes), and it must affirmatively appear of record that the notice was given. This identical point was decided in *Hettrick v. Wilson*, 12 Ohio State, 136.

4. Before the order setting aside the prior judgment could be made, there must be an adjudication that there was a valid cause of action (Sec. 616, page

635, Gen. Statutes), and the record should show that such adjudication was had before any valid judgment setting aside the former judgment could be rendered. *Hettrick v. Wilson, supra.* Now the adjudication that there was a cause of action shown is an imperative requirement before the court is authorized to vacate the former judgment. And it is a fundamental principle that where certain facts are required to exist, before a court or judicial tribunal can act upon a given matter, that those facts are jurisdictional, and if the court acts in the absence of such facts, the act of the court is without jurisdiction and therefore void. In courts of inferior or limited jurisdiction no presumptions in favor of their jurisdiction exist, but jurisdiction must affirmatively appear of record. *S. C. & P. R. R. v. Washington Co.,* 3 Neb., 41. *Robinson v. Mathwick,* 5 Neb., 255. *Reynolds v. Stansbury & Bursh,* 20 Ohio, 344, was a case involving the same question here presented, whether the giving of the notice would be presumed; the majority of the court held that the superior court of Cincinnati, being a court of general jurisdiction, its jurisdiction would be presumed; but they expressly say, that were the action had in a court of inferior or limited jurisdiction, then all the facts necessary to give jurisdiction must affirmatively appear. And in that case we desire to call especial attention to the very able dissenting opinion of Ranney, Judge, and apply his views to the case at bar.

5.    This is not a case where it is sought to attack the judgment in a collateral manner, but the motion to quash is a direct proceeding in the same case, and in all such proceedings evidence *aliunde* of the record is admissible to show want of jurisdiction. There being no bill of exceptions in this case, it is impossible to tell upon what evidence the court acted, and whether the judgment of the court was erroneous or not.

MAXWELL, CH. J.

On the 10th day of March, 1879, the following transcript was filed in the office of the clerk of the district court of Dodge county:

"Karna Hansen,  
 v.  } 1015.  
Gustave Bergquist.

" July 6, 1874. Plaintiff, by her attorneys, Beals and Shropshire, filed her bill of particulars, alleging that the defendant is *indebted* to the plaintiff in the sum of $500, costs, expenses, and damages arising from the pregnancy of plaintiff by defendant.

" July 17, 1874. Returned served on the 6th of July, 1874, by delivering of a certified copy of summons to defendant in Douglas county, Nebraska.

" August 3, 1874. Defendant, by his attorneys, Strickland and Webster, filed motion to dismiss for want of proper verification to bill of particulars.

" August 18th. The above motion, having been argued by respective counsel, it is considered and adjudged by me that this case be and hereby is dismissed at the plaintiff's costs, amounting to $3, as taxed in the margin.

" WM. L. PEABODY,<br>" Probate Judge."

" August 27, 1874. On motion of plaintiff's attorneys the above judgment is hereby set aside, and same day plaintiff filed new petition. Case continued to September term:

" WM. L. PEABODY,<br>" Probate Judge."

" September 11, 1874. Case called. Defendant having been notified and declining further to appear, on motion of plaintiff's counsel, default is entered

against the defendant for want of an answer, and the case tried by the court.

" Whereupon Karna Hansen and Josephine Bensen were duly sworn and examined as witnesses for the plaintiff, and it is considered and adjudged by me that the plaintiff recover of the defendant $500, her damages, and $5.60, her costs of suit, as taxed in the margin.

" WM. L. PEABODY,<br>" Probate Judge."

" January 16, 1875.   Issued execution.

" July 28, 1875.   Execution returned wholly unsatisfied.

" P. STEIN,<br>" Constable."

"November 2, 1878.   Issued second execution, and delivered the same to Constable Rodney Dutcher.

"November 7, 1878.   Second execution returned wholly unsatisfied.

" STATE OF NEBRASKA, ⎱<br>County of Douglas. ⎰

" I do hereby certify the above to be a true, full, and complete transcript of the proceedings of the probate court and the county court for said county in the above entitled action, being No. 1015 in Docket " C," as shown by the entries therein, which docket is in my possession duly certified.

" Witness my hand and the seal of the said county court at Omaha, this November 7th, A.D. 1878.

"WM. O. BARTHOLOMEW,<br>" County Judge."

On the 10th day of March, 1879, the clerk of the district court of Dodge county issued an execution on the above transcript, which, so far as appears from the record, was not delivered to sheriff, and no levy made under the same.

On the 17th of the same month the defendant filed a motion to quash the execution.

*First.* Because there was no adjudication by the probate court that there was a valid cause of action before vacating the judgment rendered July 18, 1874.

*Second.* Because no notice was served on the defendant or his attorneys of the motion to vacate the judgment of dismissal.

*Third.* Because the court had no jurisdiction of the subject matter of the action.

*Fourth and Fifth.* Because the probate court had no jurisdiction of the defendant in the action, and had no authority to make the order August 27, 1874.

*Sixth.* Because there was no finding for the plaintiff upon the issues made by plaintiff's petition.

The court sustained the motion and quashed the execution. The plaintiff brings the cause into this court by petition in error.

As to the first objection urged in the motion, it is sufficient to say that in the motion filed by the defendants to dismiss the action in the probate court no question was raised as to the jurisdiction of the court over the subject matter of the action, nor the sufficiency of the statement of facts, the only ground of the motion being that the petition or bill of particulars was not properly verified. Upon the question of notice the transcript is entirely silent. Unless the application to set aside the judgment and file an amended petition was made while the defendant or his attorneys were present, such proceeding could only be had upon notice. So far as appears, that application may have been made at once upon the motion to dismiss being sustained.

The rule may be stated thus: When jurisdiction of the parties and the subject matter affirmatively appear, every other matter necessary to support the judgment

will on error be presumed, unless it is required by statute to appear of record, or unless it be preliminary and necessary to the right to exercise jurisdiction. *Howell v. Jenkins*, 3 W. L. M., 631.

In *Dodge v. Ruggles*, 36 Iowa, 42, it was held that where the jurisdiction of a justice of the peace is by consent of the parties extended to a case involving a sum greater than $100, it will, in the absence of a showing to the contrary, be presumed that such consent was given before the institution of the suit.

Where jurisdiction is shown, the rule that courts and officers are presumed to act rightly is extended to county and justice courts. In this case summons was duly served upon the defendant, and he appeared without objection on that ground; the action was dismissed upon a technical objection, and in the absence of showing to the contrary it will be presumed that notice of the motion to set aside the judgment of dismissal and re-instate the cause was given, particularly so where the judgment was set aside in a few days after its entry.

Our attention has been called to the case of *Hettrick v. Wilson*, 12 Ohio State, 136. In that case a transcript from a justice of the peace was filed on the 4th of May, 1855, and a rule taken against the defendant in error to file his petition in the case by the next rule day. On the 28th of May of the same year default was entered against the defendant for want of a petition, and on the 29th of June following judgment was entered on the default dismissing the action. On the 5th day of November thereafter the defendant in error filed a motion to set aside the judgment of nonsuit without assigning any reason therefor. On the 8th day of December following he filed an additional motion, assigning various grounds, none of which authorized the court to set aside a judgment of a pre-

vious term on motion. On the 4th day of January, 1856, the court made the following order: "On motion of plaintiff's attorney and good cause shown, it is ordered that the order dismissing this cause, made at the May term, 1855, be set aside, and leave is given to the plaintiff to file a petition, which is accordingly done." The supreme court reversed the judgment upon the grounds that the court had not found that the plaintiff had a valid cause of action, and because a final judgment had been rendered at the May term of the court, by which the defendant was dismissed without day, and at the close of the term, being no longer in court, no further action could be taken in the case prejudicial to his interest without notice to him. In that case the judgment was not treated as a nullity, but reversed on error, it being held that the order vacating the judgment of dismissal was a final order, which could be reviewed on error. And such was the holding of this court in *Banks v. Uhl*, 5 Neb., 240.

Our attention is called to the case of *Reynolds v. Stansbury*, 20 Ohio, 344. In that case judgment was rendered against the defendant in the superior court of Cincinnati, at the January term, 1847, and afterwards, on motion of the defendant, the judgment was set aside at the January term of that court in 1849. The record did not show that the plaintiff had notice of the motion. It was held in substance that notice was necessary to give the court jurisdiction, but that notice would be presumed in favor of a court of general jurisdiction, but the court intimate that a contrary rule obtains in courts of inferior and limited jurisdiction.

The power of a court to set aside a judgment at a term subsequent to that at which it was rendered, without notice, may well be questioned. The power to va-

cate and modify judgments, except in the manner provided in the statute, ceases with the term at which they were rendered. *Smith v. Pinney*, 2 Neb., 145. Had the August term of the county court ceased at the time this order was made? Section 7 of the act concerning the organization, powers, and jurisdiction of probate courts, approved March 3, 1873, Gen. Stat., 263, provides that: "It shall be the duty of the probate judge, in each county, to hold a regular term of the probate court at his office at the county seat, commencing at nine A.M. on the first Monday of each calendar month, for the trial of such civil actions brought before such court as are not cognizable before a justice of the peace. Such regular term shall be deemed to be open, without any formal adjournment thereof, until the third Monday of the same month, when all causes not finally determined shall be continued by such court to the next regular term; but such courts shall be declared to be always open for the filing of papers and issuing of process in civil actions, and for the purpose of entering judgment by confession."

Section 15 provides for setting the causes for trial upon convenient days of the term. If the court may at any time enter judgment by consent, why may it not by agreement hear and determine any matter submitted to it? The statute is merely for the direction of the court. A party cannot be compelled after the *third* Monday in each month to take up a new case and proceed to trial. But with the consent of the parties the court may do so. It has authority, with the consent of the parties, to render judgment at any time during the month. And where, as in this case, there is nothing shown to the contrary, such assent will be presumed.

The objection that there is no finding does not render the judgment void. Taking the entire transcript,

the judgment is not void on its face, although some-
what imperfect. This is decisive of the case. The
court therefore erred in sustaining the motion to quash
the execution, and its judgment in that respect is
reversed.

JUDGMENT REVERSED.