C. C. COZINE, PLAINTIFF IN ERROR, V. MELVIN D. HATCH, DEFENDANT IN ERROR.

1. **County Court:** TRIAL OF CAUSES. The provision of the statute requiring the county court to continue all cases undisposed of on the third Monday of each month does not prevent the court from hearing and deciding cases by agreement at any time during the month.

2. **Costs.** Where costs taxed in a cause appear to be exorbitant or excessive, the proper remedy is by a motion to retax, made to the court where the alleged mistakes are made.

3. **County Court:** ATTACHMENT: ORDER FOR SALE OF ATTACHED PROPERTY. Where the county court issued an order of sale for the sale of attached property, after judgment, and it is alleged that the court erred in doing so, the judgment containing no order appropriating the attached property to its payment, the proper practice would be to move the county court for a return and vacation of the order of sale. If such motion should be overruled the decision thereon might be reviewed. But the issuance of such order of sale, even if erroneous, would be no reason why the judgment should be reversed.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*Hardy & McCandless,* for plaintiff in error.

*T. D. Cobbey,* for defendant in error.

REESE, J.

An action in attachment was commenced in the county court on the 19th day of February, 1885. The defendant in the action, plaintiff in error here, appeared, and the cause was adjourned from time to time until the 15th of April, at which time the cause was, by the agreement of the parties, adjourned until the 23d day of April. At that time the parties appeared for trial. The plaintiff in error demanded a jury. A jury was selected and impaneled, and the trial proceeded without objection. The trial resulted in a verdict in favor of the defendant in error for the sum of $274.06. Judgment was accordingly rendered.

It is contended that as the amount involved was more than $200, the case was what is denominated a term case, and could only be tried by the county court during the regular term of the court, and that therefore the court had no jurisdiction over the subject matter. We do not so understand the law. The cause was set for trial out of the

term by agreement of the parties in open court. They appeared on the day fixed and tried the cause without objection. Had objection been made before the commencement of the trial, it is quite probable nothing could have been done until the next term of court. But where all objection was waived, and the parties consented to proceed with the trial and did so, it gave the court jurisdiction over them. *Hansen v. Bergquist*, 9 Neb., 269. *Gillette v. Morrison*, Id., 395.

It is alleged that illegal costs were taxed to plaintiff in error by the county court. No motion was made to retax the costs. This was necessary. *Woods v. Colfax County*, 10 Neb., 552. The county court would still have the authority to correct this error, if any exists.

The judgment rendered April 23 made no reference to the attached property. A simple judgment was entered. On the 5th of May following, the defendant in error filed a motion for an order of sale to sell the attached property, and an order of sale was issued. The action of the court in issuing the order of sale was not erroneous. While it would have been more regular for the judgment to have provided expressly for the sale of the attached property, yet as the court had jurisdiction over the attached property by the levy, and over the plaintiff in error by his appearance, the issuance of the order during the following term of court would not be without authority. The same strictness is not required of courts of inferior jurisdiction as of courts of general jurisdiction. Aside from matters of a jurisdictional character all presumptions and intendments are in favor of the regularity of their proceedings. *Hansen v. Bergquist, supra.*

Even though the county court did err in the issuance of the order of sale, it would not be sufficient to reverse the judgment rendered upon the verdict of the jury. The better practice would have been to move the county court to recall the order of sale, and upon its failure to do so its action could have been reviewed.

No error affirmatively appearing upon the record, the judgment of the district court in affirming the judgment of the county court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.