Connelly v. Edgerton.

---

PETER CONNELLY AND PATRICK DUFFY, PLAINTIFFS IN ERROR, V. CHARLES W. EDGERTON AND DAVID N. MILLER, DEFENDANTS IN ERROR.

1. **Fraud.** The question of intent, in case of an alleged fraudulent conveyance of property, is one of fact, to be decided by the trial jury under the instructions of the court.

2. **Witnesses:** EXAMINATION. Where, in the examination in chief of a witness, a question is asked to which objection is made, which is sustained, the party desiring the evidence must offer to prove the facts sought to be established, before error can be assigned upon such ruling.

3. ———: EXPERT TESTIMONY. Where a competent witness is called as an expert to testify as to the value of property, his

testimony is not rendered inadmissible by reason of the fact that he had not seen the property since about one month prior to the time when the value was to be established; it being shown by other testimony that the property was in substantially the same condition at both periods of time.

4. ———: ———. Where a witness is called as an expert to testify as to the value of property in dispute, and it is shown upon examination that he is competent to so testify and his testimony is taken, and upon cross-examination he is asked if his estimate of value is not based on what he would give for the property, which he answers in the affirmative, a motion to strike from the record all of the testimony of the witness was properly overruled. Such answer would not render the witness incompetent to testify, but, if unexplained, might tend to diminish the weight of his testimony.

5. **Judgment.** As to parties before the court, and respecting a matter within its jurisdiction, a judgment without a finding to support it is not void, but, at most, merely erroneous, and subject to reversal by a suitable proceeding in a tribunal having authority to review it. *Doty v. Sumner*, 12 Neb., 378.

6. **Attachment:** JURISDICTION. Where proceedings in attachment are irregular and amendable, but not void, and no objection is made thereto by the defendant in the action, such proceedings cannot be attacked or questioned collaterally by third parties.

7. **Levy:** SEVERAL WRITS. Different attachments of the same property may be made by the same officer, and one inventory and appraisement will be sufficient, and it is not necessary to return the same with more than one order. Civil Code, § 209. Therefore when a constable receives an order of attachment and proceeds to levy the same on a part of a stock of goods, and before making the inventory and appraisement other orders of attachment are placed in his hands for execution, he may properly levy upon property of sufficient value to satisfy all of such orders, and make but one return of the inventory and appraisement. In such case he cannot be charged with making an excessive levy, unless the value of the property seized exceeds a proper levy to satisfy all such orders and probable costs; and even in such case the question can only be raised by the parties to the action. As between third parties in a collateral proceeding, the levy would be valid.

8. **Verdict** in an action of replevin, *Held*, Sufficient.

ERROR to the district court for Douglas county.   Tried below before WAKELEY, J.

*J. J. O'Connor* and *Thurston & Hall,* for plaintiffs in error.

*Redick & Redick, Howard B. Smith,* and *Charles Ogden,* for defendants in error.

REESE, J:

This was an action in replevin instituted by plaintiffs in error (who claim the possession of the property in dispute, by virtue of a chattel mortgage) against defendants in error (a constable and the sheriff of Douglas county), who also claimed the possession, but by virtue of the levy of certain attachments upon it as the property of the mortgagor.   The contest is between the mortgagees and creditors—the former asserting the *bona fides* of their mortgage, the latter contending that it is fraudulent.   The decision of this question of fact was peculiarly within the province of the trial jury, and we are unable to see that it should be disturbed.

The actual indebtedness at the time of the execution of the mortgage was about $1,800, while the mortgage was given to secure two notes—one for $400, due in ninety days from its date, and one for $7,600, due in five years from date, each drawing interest at the rate of ten per cent per annum, the former bearing date August 13, the latter August 16, 1883.   The testimony in the case is quite voluminous, and we can see no good purpose to be subserved by discussing it at length.   While it is true that the fact that the mortgage was given for a larger amount than the actual indebtedness is not by any means conclusive evidence of fraud, and especially so when the explanation is sought to be made that the excess was for the purpose of

covering future advances and credits to be made by the mortgagee to the mortgagor, yet such an overstatement of the debt may be said to indicate fraud, and the question then becomes one for the trial jury to decide, under all the circumstances of the case and the instructions of the court. Jones on Chattel Mortgages, § 92, and cases there cited. In connection with the fact of the amount named in the mortgage and notes being largely in excess of the actual indebtedness, the further fact that the mortgagor was permitted to retain possession of the mortgaged property and sell the same in the usual course of trade (the property being the fixtures, furniture, and stock of liquors in a saloon), together with the explanation that all the proceeds of such sale were to be applied to the payment of the indebtedness secured by the mortgage, was submitted to the jury under proper instructions. The whole question of fraudulent intent on the part of the parties to the mortgage was before the jury. Their verdict must be final, if no other of the alleged errors occurring on the trial are found to call for a reversal of the judgment.

It was shown by the testimony of Peter Connelly, one of the plaintiffs, that he was in the wholesale liquor trade. He was then asked to "state whether or not it is not the custom among wholesale liquor men to do this kind of business," referring to taking the notes and mortgage for a larger amount than the actual indebtedness, for the purpose of covering future advances. This question was objected to upon the usual grounds, and the objection was sustained, to which an exception was taken, and the ruling of the court is now assigned for error. While we think the ruling of the court was correct, yet, under the repeated decisions of this court, no error can be successfully assigned in such case without an offer of proof of the facts sought to be established. *Mathews v. The State*, 19 Neb., 338. *Masters v. Marsh*, Id., 462. *Lipscomb v. Lyon*, Id., 522. No such offer was made.

One Stubendorf, who was one of the appraisers in the attachment proceeding, which was about one month prior to the institution of this suit, was a witness, and was asked as to the value of the property at the time he examined it and made the appraisement.   Over the objection of plaintiff he was permitted to testify.   No objection is made as to his competency.   It being shown that the property remained in the same condition from time of the appraisement until the seizure under the replevin proceeding—the testimony was admissible as tending to prove the value at the time of the replevin.   It was for the jury to weigh and compare with all the other testimony upon the same subject, and while, possibly, not entitled to as much credence as if the estimate had been made on the date of the levy, yet it was competent.

Objection is made to the ruling of the court in allowing the witness, Orchard, to testify as to the value of linoleum. This objection is based upon the alleged fact that no such property had been levied upon, and that the effect of the testimony was to increase the value of the property in dispute, in the estimation of the jury, when in fact there was no such item in dispute.   The linoleum referred to was the matting or floor covering for the saloon, purchased by the mortgagor of the witness.   It very clearly appears that the name given by the witness referred to the property in dispute, but which by the other witnesses was denominated oil cloth.   The testimony clearly referred to the same article, and was therefore properly admitted.

One Charles Little was called as a witness, on the part of the defense, for the purpose of proving the value of the fixtures in the saloon, they being a part of the property in dispute.   He testified that he had been engaged in the saloon business ten or twelve years, had purchased the property spoken of, and was acquainted with their values, and testified to the same.   On cross-examination he was asked, if in giving his estimate of the values he did not

base it on what he would be willing to give for them. His answer was, he did. In view of this answer, counsel moved to strike the whole of the testimony of the witness from the record. The motion was overruled, and properly so. The witness had shown himself to be a competent one, having experience and knowledge of the matters concerning which he testified. The single answer made might serve, in some degree, to diminish the weight of his testimony, but it could not render it inadmissible.

Objection was made to the introduction of the dockets of various justices of the peace, showing judgments against McGuire, the mortgagor. As there are a number of these judgments attached to the record as exhibits, we will not discuss the objection to each one separately, but will notice the objections in a general way. It is urged that some of them showed upon their face that they had been tampered with; meaning, we suppose, that they had been changed since their entry upon the docket. As the transcripts attached to the record are wholly silent upon this point, and no proof was offered thereon, it would be impossible for us to say, from the record, whether the judgments were as originally rendered or not, but we must presume they were. Others are attacked because they contain no finding of fact. While this would be sufficient to reverse a judgment by the proper proceeding in error, yet the judgment is not for that reason void. *Hansen v. Bergquist,* 9 Neb., 278. *Doty v. Sumner,* 12 Id., 378. *McNamara v. Cabon,* 21 Neb., 589.

It is claimed that the levy under the first writ of attachment was void, and therefore all subsequent levies must fall with it. We do not believe the first levy was void, although somewhat irregular. It might be subject to be set aside by the court to which it was returned, and yet be valid when collaterally attacked. This writ was issued by the county court in an action in which the sum claimed was $210.00. By section 16 of chapter 20, Compiled

Statutes, it is provided that the proceedings upon such orders shall be the same, as near as may be, as in actions brought in the district court. Section 210 of the civil code provides that the officer shall, "In the presence of two residents of the county, declare that by virtue of said order he attaches said property at the suit of the plaintiff, and the officer, with the said residents, who shall be first sworn or affirmed," shall make an inventory and appraisement, etc. Instead of strictly following the provisions of this section, the officer seems to have followed section 929, which provides for the levy of attachments issued by a justice of the peace. His return recites that he, "In the presence and hearing of Charles Ogden and Fred. Getsche, two credible persons, did declare that by virtue of this order, I attached said property at the suit of Max Meyer & Co., and I did then and there attach it, and I then, with Fred. Stubendorf and Henry Nestor, two householders of the county of Douglas, after administering to them an oath to truly inventory and appraise said property, made a true inventory and appraisement," etc. The contention is, that as the witnesses of the attachment did not make the appraisement, the levy and possession were wrongful and void. We think differently. It is quite probable that had objection been made to the return in the county court, the return might have been set aside, if not amended so as to conform to the law, or a new appraisement might have been ordered. But the levy, the seizure of the property, when attacked in this collateral way, cannot be held to be void. We know of no rule requiring so strict a construction of this section of the code.

It is claimed that the levy under this writ was excessive. If so, it should have been set aside in the court having jurisdiction of the cause. *Pugh v. Calloway*, 10 O. S., 488. But the evidence shows that after the levy and before the appraisement the other attachments followed, and therefore it was proper that but one appraisement should

be made. Civil Code, § 209. Again, these proceedings all seem to have been satisfactory to McGuire, the defendant in the actions, and so long as he was satisfied, and permitted them to go unquestioned, they ought to stand, the court wherein the proceedings were had having jurisdiction. The same rule must apply to objections made to the affidavit for attachment. It appears that in the caption or title of the cause the name of Patrick Duffy was inserted instead of P. H. McGuire. The docket of the county court shows affirmatively that an affidavit for attachment was filed in the cause. Had objection been made by Mc-Guire to the form of the affidavit, it would doubtless have been sustained unless cured by amendment. But no such objection was made. These plaintiffs cannot question it in this action. *Rudolf v. McDonald,* 6 Neb., 166.

The last objection which demands our attention is as to the verdict of the jury. It is. as follows, omitting the formal parts:

"We, the jury duly empaneled and sworn to try the issues joined in the above entitled case, do find for the defendants. We further find that at the commencement of this suit the defendants were entitled to the possession of the property in controversy. We further find that the value of said property, being the interest of the defendants therein, was $2,597.00, and we assess the damages of said defendants by reason of the wrongful detention of the property at $246.16, being the interest on said value to the first day of this term."

It is insisted that this verdict does not find the value of the possession of defendants as required by law.

Section 191 of the civil code is as follows: "In all cases where the property has been delivered to the plaintiff, where the jury shall find, upon issue joined, for the defendant, they shall also find whether the defendant had the right of property or the right of possession only at the commencement of the suit; and if they find either in his

favor, they shall assess such damages as they think right and proper for the defendant; for which, with costs of suit, the court shall render judgment for the defendant."

The verdict finds for the defendants and that they were entitled to the possession of the property; it also finds the value of the interest of defendants to be $2,597.00 and the damages for the wrongful detention. This is a sufficient compliance with the section above quoted. It conforms in substance to the form given in Maxwell's Pl. and Pr., 489 and 490. There is no claim that the value of the interest of defendants as found by the jury exceeded the actual value of the property.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.