C. D. OSBORNE ET AL V. E. A. CANFIELD ET AL.

[FILED NOVEMBER 5, 1891.]

1. **County Court:** BILL OF EXCEPTIONS. In a term case in a county court the authority to prepare a bill of exceptions, in any case where such bill is authorized, continues during the entire term without any order of the judge extending the time, and he may sign a correct bill at any time before the term closes.

2. ———: ———: ATTACHMENT. Section 236e of the Code, which authorizes the filing of a petition in error upon an order of a court discharging an attachment, is general in its application and applies to all courts having jurisdiction in civil actions. Therefore a county judge may sign a bill of exceptions in any case where an attachment has been discharged by him.

ERROR to the district court for Douglas county. Tried below before GROFF, J.

Cornish & Robertson, for plaintiffs in error, cited: Smith v. Kaiser, 17 Neb., 184; Morehead v. Adams, 18 Id., 570; Degering v. Flick, 14 Id., 448.

Congdon & Hunt, contra, cited: Taylor v. Tilden, 3 Neb., 339; Kellogg v. Huntington, 4 Id., 96; Smith v. Kaiser, 17 Id., 184.

MAXWELL, J.

This action was brought in the county court of Douglas county by the defendants in error against Canfield and Reynolds to recover the sum of $368.97 upon a promissory note. An affidavit was filed for an attachment before the debt became due and an attachment issued and levied upon certain goods of the defendants in error. The defendants in error thereupon filed a motion to dissolve the attachment because the grounds upon which it has been issued were false and untrue.

On the hearing, oral testimony was taken before the judge

in opposition to and support of the attachment. The court rendered judgment dissolving the attachment upon the ground "that the averments in the affidavits filed herein for attachment are untrue." At the same time all the attorneys in the case entered into a stipulation as follows:

"Whereas, in the above entitled action an order of attachment issued out of this court against Canfield & Co. and was levied by the sheriff of Douglas county upon property belonging to Canfield & Co.; and

"Whereas, after the levying of said attachment, a mortgage was given by Canfield & Co. to Price, Sherman & Co., H. Rothsteins' Sons, Dyer, Rice & Co., E. Morris & Co., A. G. Woodruff & Co., Tichnor & Co., Sonntag & Reyer, Johnson & Powell, R. G. Uhleman, Otto Waggoner, Frank J. Ramge, George O. Calder, and H. H. Baldridge, mortgagees;

"Whereas, upon motion duly made, said attachment was dismissed and dissolved by this court on the 8th day of June, A. D. 1889; and

"Whereas, the plaintiff herein intends to take this action and proceedings therein upon attachment to the district court of this county, and possibly to the supreme court of this state upon error:

"Now, therefore, it is stipulated and agreed by and between the plaintiff and the defendant herein and said above named mortgagees, that the property attached in this action be sold by the sheriff of this county at private sale without notice, at such price or prices and on such terms as George Frank, representing the above named mortgagees, and Edward J. Cornish, attorney for the plaintiff herein, shall advise; that the proceeds from such sale, after paying expenses thereof, shall be deposited by said sheriff in the Omaha Savings Bank at Omaha, Nebraska, and a certificate of deposit be taken by said sheriff therefor.

"If this action is finally determined in favor of the plaintiff, said sheriff shall turn over a sufficient amount of said

moneys, the proceeds of said sale, to Edward J. Cornish, attorney for said plaintiff, after deducting from said moneys the necessary costs to satisfy that judgment in this action, and the balance to be turned over to Congdon, Clarkson & Hunt, attorneys for the above named mortgagees.

"If this action is finally determined in favor of the defendant, said sheriff shall turn over to said Congdon, Clarkson & Hunt the entire amount of said moneys.

"It is further stipulated and agreed by and between the parties hereto that the amount of money received for said goods at said private sale shall be deemed the full value of said goods.

"And it is further stipulated and agreed by and between the parties hereto that any bond required by law to be given by the plaintiff herein shall be in the sum of $800."

A bill of exceptions was then prepared by the attorneys for the plaintiffs in error and submitted to one of the attorneys for the adverse party, who at the time was sick in bed, the other being absent from the state. The attorney to whom the proposed bill was submitted thereupon sent the proposed bill to an attorney for the mortgagees with a note saying that he was too ill to examine the proposed bill, but requested said attorney to do so and act for them in the premises. This, in a letter addressed to the county judge June 27, 1888, he did, stating the bill was substantially correct as he remembered the facts. Thereupon on the same day the county judge appended this certificate to the bill: "I hereby certify that the foregoing bill of exceptions is allowed by me this 27th day of June, 1888, and contains all the evidence given and proceedings had on the motion to discharge the attachment therein." The case was then taken on error to the district court, where the following motion was filed:

"Now comes the defendants, by Baldridge & Calder, their attorneys, and move the court to quash the bill of exceptions herein for the reasons following:

Osborne v. Canfield.

"First—No time was given in which to prepare and serve bill of exceptions, nor in which to file same.

"Second—Same was not served and filed according to law.

"Third—Same is unauthorized and void."

This motion was sustained by the district court and thereupon the judgment of the county court was affirmed.

It is claimed on behalf of the defendants in error that no time was given in which to prepare a bill of exceptions and that therefore it should have been prepared at once and signed when the decision was rendered.

This evidently was a term case. In such case the authority of the judge to sign a bill of exceptions continues during the entire term. In a county like Douglas, where there is a very large amount of business before the court, it would frequently be impossible to prepare a bill during the trial. A reasonable time must be given for this purpose, and in the absence of an order limiting the time the right continues till the close of the term.

A somewhat similar question was before this court in *Hansen v. Bergquist*, 9 Neb., 269, and it was held that a judgment rendered on the 27th of the month, reversing a judgment rendered at the commencement of that term, would not be set aside, it being presumed that the court had jurisdiction.

The bill of exceptions was acceptable to the attorneys for the defendant in error, and is certified by the judge to be correct, and we must so hold and that it was properly signed and certified.

Second—The second objection in the motion is disposed of above, that where the bill is prepared during the term no order granting time in which to prepare the bill is necessary.

Third—The third objection is that there is no authority for the county judge to sign a bill of exceptions.

In this connection it is unnecessary to point out the difference in the practice between term cases tried in the

county court, and cases where a justice of the peace has jurisdiction, as what we are about to say applies as well to a justice of the peace as to the county court.

Section 236e of the Code provides " That when an order discharging an order of attachment is made, and any party affected thereby shall except thereto, the court, or judge, shall fix the number of days, not to exceed twenty, in which such party may file his petition in error, during which time the property attached shall be held by the sheriff or other officer, during which period the petition in error shall be filed, and the party filing the same shall give an under-taking to the adverse party, with surety or sureties, to be approved by the court, in double the amount of the appraised value of the property attached, conditioned to pay said adverse party all damages sustained by such party in consequence of the filing of said petition in error, in the event that such order of attachment shall be discharged by the court, in which said petition in error shall be filed, as having been unlawfully detained."

A proper mode of reviewing the ruling of any court on a question of this kind is by petition in error based on a bill of exceptions.

An attachment is a special proceeding and ordinarily the case is to be heard in the appellate court upon precisely the same testimony as in the court where the action is brought. Hence a bill of exceptions is an effective and economical mode of review.

The remedy given by the above section is general in its application, the mode of review is as broad as the remedy, and the county judge has authority to sign a bill of exceptions. The court, therefore, erred in quashing the bill and rendering judgment for the defendants in error. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.