## THOMAS L. CAMPBELL V. FRANK BROSIUS.

FILED APRIL 26, 1893.    No. 5108.

Assumpsit: QUANTUM MERUIT: PLEADING: PROOF: INSTRUC-
TIONS. Allegations of value in a pleading are not to be taken as true by a failure to deny them; and in all cases founded upon a *quantum meruit*, where the value of the services is not expressly admitted, the question of value is in issue and must be proved, and submitted to the jury.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J.

*Byron Clark*, for plaintiff in error.

*Beeson & Root, contra.*

IRVINE, C.

This action was brought by the defendant in error against the plaintiff in error to recover upon a *quantum meruit*

Campbell v. Brosius.

for digging two wells for the plaintiff in error. The pe-
tition alleged that the reasonable value of digging the first.
well was $75, and of the second $35. The answer did not
deny these allegations of value, and the only evidence in
any way relating to the value of the work is found in the
testimony of the defendant in error, where he states that a
fair compensation for the first well would be seventy-five
cents a foot, the well being 100 feet deep. The evidence
shows that this well was dug with a spade, while the sec-
ond was bored with a machine, and there is no testimony
at all as to the value of the work on the second well. The
court instructed the jury, stating the elements necessary for
them to find in order to return a verdict for the plaintiff,
and that, if they so found, their verdict should be for the
sum of $110, less what they might find plaintiff had re-
ceived or had damaged the defendant in and about the
work—there being a counter-claim for damages, and a plea
of payment.

Section 134 of the Code of Civil Procedure provides
that allegations of value or of amount of damage shall not
be considered as true by failure to controvert them. It
therefore became necessary for the plaintiff, notwithstanding
the answer contained no denial of his allegations as to
the value of the work performed, to prove the reasonable
value thereof. And it was error for the court to instruct
the jury that they should assume the amount alleged as
the value of the work.

The plaintiff in error contends that the court erred in
several other particulars. In view of the conclusion above
stated it is not now necessary to pass upon the other assign-
ments of error; but as the case must be remanded for a
new trial, it is proper to say that upon the principal ques-
tions in dispute in the case the rulings of the trial court
were substantially correct.

REVERSED AND REMANDED.

THE other commissioners concur.