## CHARLES BEST v. MALCOM STEWART.

FILED JUNE 16, 1896.   No. 6658.

1. Justice of the Peace: ENTRY OF JUDGMENT. "Upon a verdict, the justice must immediately render judgment accordingly. When the trial is by the justice, judgment must be entered immediately after the close of the trial, if the defendant has been arrested or his property attached; in other cases it must be entered either at the close of the trial, or if the justice then desire further time to consider, on or by the fourth day thereafter, both days inclusive." (Code of Civil Procedure, sec 1002.)

2. ——: ——: COUNTY JUDGE. The provisions of the section just quoted are applicable to a county judge when exercising the ordinary powers and jurisdiction of a justice of the peace. (See Compiled Statutes, ch. 20, sec. 2.)

3. **Appeal to District Court:** ORDER REMANDING CAUSE. In an appeal from the judgment of the county judge, in an action wherein he exercised the ordinary powers and jurisdiction of a justice of the peace, a motion was made in the district court to dismiss the appeal for the reason that the judgment was one for costs alone and hence not appealable. The motion was sustained and the district court made an order remanding the cause to the county court for final judgment. *Held,* An unauthorized order on the part of the district court and hence ineffective.

4. ———: JURISDICTION: ORDER IN APPELLATE COURT. The county judge, acting under the order of the district court, attempted to render a judgment or to amend its former one, and from this action an appeal was taken, of which a motion to dismiss on the part of defendant, was overruled. The defendant did not appear further and his default was entered and judgment taken against him. *Held,* That the judgment was void; that the county judge had no jurisdiction when he rendered the judgment, and the district court acquired none by the attempted appeal.

5. **Replevin:** PLEADING AND PROOF. Under a general denial, in an action of replevin, the defendant may introduce any matter which is a defense to the cause of action of plaintiff.

6. ———: ———: VALUE OF PROPERTY. When the value of the property is alleged in the petition in an action of replevin, and such allegation is specifically admitted in the answer, no proof of the value of the property is necessary.

ERROR from the district court of Johnson county. Tried below before BABCOCK, J.

*L. C. Chapman,* for plaintiff in error.

*T. Appelget* and *J. Hall Hitchcock, contra.*

HARRISON, J.

The plaintiff commenced this, an action of replevin, in the district court of Johnson county against the defendant, the coroner of said county, to recover the possession of certain personal property described in the pleadings. The petition alleged ownership and right of immediate possession, and was further framed seemingly with the idea of basing the claim to recover the possession of the property on its being exempt from process, but if this idea ever obtained, it was abandoned during or before

the trial.   The property was alleged in the petition to be of the value of $500.   Defendant filed an answer, a denial of all statements of the petition except that of value of the property, which was admitted.   There was in the trial court a verdict and judgment for defendant, he being awarded a return of the property, or, in lieu thereof, to recover the value of his interest therein, assessed at the sum of $346.02.   The property in controversy was taken possession of by the coroner under levy of two executions issued in favor of a party who was the sheriff of the county, and the coroner's defense was a justification under the writs.

It is urged on behalf of plaintiff that one of the executions was issued to enforce collection of a void judgment, and hence furnished no authority to, or justification for, the officer taking the property.   It appears that the judgment creditor commenced an action against the plaintiff herein in the county court of Johnson county to recover the sum of $100, alleged to be due the creditor as rent for the use and occupancy by the other party of a tract of land belonging to the creditor, and the issues in that case were submitted to the county judge on a stipulated statement of the facts; that the county judge made a finding in favor of Best, the plaintiff in the case at bar, but failed to render any other judgment than one for costs.   From this judgment the creditor took an appeal. In the district court a motion was made in behalf of Best to dismiss the appeal, which, on hearing, was sustained and an order was made that the case be remanded to the county court for final judgment, and this order was subsequently transmitted to the county judge.  The entry of the judgment for costs by the county judge was of date December 6, 1889.   The hearing of the motion to dismiss the appeal in the district court and entry of the order made therein was of date April 2, 1890, and the county judge received a copy of the order from the clerk of the district court on May 10, 1890, and on that day attempted to render a judgment, or did enter one on his docket.

Whether it was another judgment for costs or a judgment for dismissal of the action and for costs does not very clearly appear from the record that was taken by the creditor to the district court in an attempted second appeal, where he was again met by a motion to dismiss the appeal, which, on hearing, was overruled. His motion to dismiss the appeal being overruled, the debtor, Best, did not further appear and was defaulted, a jury impaneled, proof made, and a verdict and judgment given favorable to the creditor in the sum of $100, and to enforce this judgment one of the executions was issued, by virtue of which the coroner attempted, in the case at bar, to justify his seizure of the property involved. The judge of the district court had no power, when he determined and sustained the motion to dismiss the first appeal, to remand the cause to the county court with an order to such court to amend its judgment or to render judgment. The case being one in which the county judge was exercising the ordinary powers and jurisdiction of a justice of the peace, the proceedings therein would be governed by the provisions of the Code of Civil Procedure relative to justices of the peace. The time had expired within which the county judge could render any judgment in the cause. (Code of Civil Procedure, sec. 1002. See sec. 2, ch. 20, Compiled Statutes.) Consequently he had no jurisdiction to render the second judgment and the district court acquired none by the appeal, and its judgment rendered in the case was without jurisdiction and void; and the execution issued to enforce the judgment for $100 and interest and costs afforded no justification for the coroner in taking the property, or defense to this action. There was an execution on a judgment of $185, against which nothing is alleged or argued. This last mentioned judgment was, so far as we are informed in this case, valid, and the execution issued for its enforcement furnished good matter of defense for the officer who levied it on the property. The evidence to establish the defense of justification by virtue of the writs of execution was competent

in an action of replevin under the general denial. (*Richardson v. Steele*, 9 Neb., 483; *Merrill v. Wedgewood*, 25 Neb., 283.)

It is contended that as there was no proof of the value of the property in controversy, there could be no finding of the value. The petition alleged its value and the answer specifically admitted such allegation. This was sufficient to establish, there being no proof on the subject, that the property was of the value claimed in the petition. Section 134 of the Code of Civil Procedure, to which we are cited, is to the effect that allegations in a petition of value or of amount of damage shall not be considered as true without proof because not controverted or denied in the answer. To the same effect is the decision in the case of *Campbell v. Brosius*, 36 Neb., 792, to which we are cited by counsel for plaintiff in support of his position in this contention. It follows from the foregoing conclusions that the finding of the jury as to the value of defendant's interest in the property, also the judgment of the court based on the verdict, were, each of them, erroneous to the extent it included the amount of the judgment in the sum of $100 and its accompanying interest and costs, to-wit, $132.50. The defendant may file a remittitur of this last named sum within forty days, and if he does so the judgment will be affirmed, and if not it will be reversed and the cause remanded.

JUDGMENT ACCORDINGLY.