WILLIAM F. HAYWARD, APPELLEE, v. ALLEN G. FISHER, APPELLANT.

FILED FEBRUARY 8, 1907. No. 14,666.

1. Appeal: PROCEDURE. In case of an attempted appeal to the district court before a final judgment has been rendered by the inferior court, the district court has no authority to remand the cause, with directions to the inferior court to render judgment and file a supplementary transcript and return thereof in the dis-

Hayward v. Fisher.

trict court for the purpose of perfecting the attempted appeal, the proper course in such case being to dismiss the attempted appeal.

2. **Judgment: VALIDITY.** While section 7, ch. 20, Comp. St. 1905, provides that the terms of the county court shall begin on the first, and end on the third, Monday of each month, a judgment rendered by consent of parties, in a term case, outside the statutory term is not for that reason void for want of jurisdiction.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE.  *Affirmed.*

*Allen G. Fisher, pro se.*

*A. W. Crites and D. B. Jenckes, contra.*

ALBERT, C.

At the annual election in and for the city of Chadron, for the year 1905, the parties hereto were rival candidates for the office of mayor.   On the face of the returns Fisher had a majority and was given a certificate of election.   Thereupon Hayward instituted a contest in the county court.   In that court the taking of testimony was concluded on the 28th day of August, 1905, at which time the case was continued by consent of parties to September 19 of that year.   The date to which the cause was continued was not within the statutory term of the county court.   On that date the court found that Fisher had received a majority of the votes cast, but was ineligible to the office, and gave judgment declaring the election with respect to the office of mayor null and void, and dismissing the contest.   Hayward appealed to the district court.   The district court took the position that the judgment of the county court, having been rendered out of the statutory term time, was void, and, acting on the suggestion of Hayward's attorneys, remanded the cause to the county court, with directions "to give judgment on the merits of the said cause with all convenient speed, but during the regular term of said county court, and thereupon make a supplementary transcript

and return thereof to this (district) court." The mandate was filed in the county court, and on the 20th day of November, 1905, that court, in the absence of both parties, made a finding to the effect that they had received an equal number of votes, and entered an order that the contest be determined by lot. As neither party was present, the drawing was made by the sheriff. The lot fell to Hayward, and the county court gave judgment in his favor. From this judgment Fisher appealed to the district court. Hayward moved to dismiss the appeal, assigning the following grounds: (1) That after the contest had been instituted Fisher had ceased to be a resident and qualified elector of the city, and had voluntarily resigned the office of mayor. (2) That no full, true and complete transcript of the record of the county court had been filed as required by law, and in consequence of such omission the district court had no jurisdiction to entertain the appeal. The district court sustained the motion and dismissed the appeal. From the judgment of dismissal Fisher appeals to this court.

As to the first appeal, we know of no rule which permits a district court, in case of an attempted appeal before a final order or judgment has been entered by the county court, to remand the cause, with directions to enter a judgment and file a supplementary transcript and return thereof in the district court and thus perfect the attempted appeal. If, as assumed by the trial court on the first appeal, the judgment was void and of no effect, there was then no judgment rendered in the case by the county court. The district court could not divine that a judgment to be rendered in the future would be unsatisfactory to either party, or anticipate that either of them would appeal therefrom. A proper order in a case of that kind would be to dismiss the attempted appeal. Either party could then appear in the county court, and move for judgment on the findings.

But the assumption of the district court that the judgment was void and of no effect was unfounded. It is

true the statute provides that a regular term of the pro-
bate (county) court shall be held on the first Monday of
each calendar month, and that such regular term shall
be deemed open until the third Monday of the same month,
when all cases then not finally determined shall be con-
tinued to the next regular term. Comp. St., ch. 20, sec. 7.
But in *Hansen v. Bergquist,* 9 Neb. 269, this court, deal-
ing with that section and section 15 of the same chapter,
said: "Section 15 provides for setting the causes for trial
upon convenient days of the term. If the court may at
any time enter judgment by consent, why may it not by
agreement hear and determine any matter submitted to
it? The statute is merely for the direction of the court.
A party cannot be compelled after the *third* Monday in
each month to take up a new case and proceed to trial.
But with the consent of the parties the court may do so.
It has authority, with the consent of the parties, to render
judgment at any time during the month. And where, as
in this case, there is nothing shown to the contrary, such
assent will be presumed." That case was quoted with
approval and followed in *Cozine v. Hatch,* 17 Neb. 694.
In the case at bar, the record shows affirmatively that
the contest was continued to the 19th day of September,
1905, the date of the judgment of the county court, by
consent of the parties. On the authority of the cases
cited, which meet our unqualified approval, the first
judgment of the county court was not void for want of
jurisdiction, but was valid, and conclusive and binding
upon the parties until reversed on error or appeal. That
being true, the case was fully disposed of on the entry
of that judgment, and the county court at a succeeding
term had no jurisdiction to vacate or set it aside, except
upon proceedings instituted for that purpose, and its juris-
diction was not extended in that behalf by the mandate
of the district court. The mandate of the district court
did not dispose of the first appeal, consequently it is still
pending. As the second judgment was rendered in the
county court without jurisdiction, the district court

acquired no jurisdiction to hear and determine the cause on an appeal from that judgment. *Best v. Stewart*, 48 Neb. 859. And, as the district court then had no jurisdiction to hear and determine the cause on the second appeal, it was not error to dismiss it. It is true, it was not dismissed on that ground, but, since an order of dismissal was the only proper order to make in the case, the judgment of dismissal will not be reversed on account of the grounds upon which it was based.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.