M. F. SIMITZ, Appellee, v. EDITH SCHAAPVELD, Appellant.

Justice of the peace: APPEAL. An appeal lies from the action of a
1  justice of the peace in discharging a garnishee, where the amount in controversy is sufficient to authorize an appeal.

Appeal: ABSTRACT: MOTION TO STRIKE. Where the appellant's abstract
2  failed to disclose that the note sued on contained a provision consenting to the jurisdiction of the justice, but upon a certification of the papers such a note appeared, the motion to strike appellee's abstract was overruled.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

TUESDAY, MARCH 18, 1913.

PLAINTIFF (appellee) appealed to the district court from a judgment and order of a justice of the peace discharging a garnishee. In the district court defendant (appellant) moved to dismiss the appeal, which motion was overruled, and she appeals from such ruling.—*Affirmed.*

*F. B. Kimball,* for appellant.

*Henry G. Walker,* for appellee.

PRESTON, J.—In one of appellant's arguments he says: "Appellant's counsel entertain no such delusion as that the members of this court prefer their entertainment, whether mixed or unmixed with their judicial labors, in the form of little journeys outside the record; but, if a part of such journey, when detailed, arouses curiosity, the remainder should be disclosed in order to gratify the same. Therefore the facts needed to be substituted for the highly colored ramblings under appellee's summary, in order to render its title not inappropriate, are," etc. He then proceeds to tell us all about it. As he claims appellee has stated matters outside the record, we assume we have it all. ' Many things are stated which have no support in the record. The long and short of it is that we have a long record for a short case. Several matters have been argued which are not properly before us at this time, but which may come up in the further hearing in the district court. ·

I. As near as we can get at it, the only question is whether the district court erred in overruling defendant's motion to dismiss the appeal. There were

1. JUSTICE OF THE PEACE: appeal.

many grounds set out in the motion to dismiss, only one of which seems to have any merit, and that is whether plaintiff's remedy was by appeal or writ of error.

It appears that plaintiff brought suit in justice court against appellant, and her husband on a note, and asked judgment for $150 and interest. Personal notice was had on the husband, but not on appellant, who was a nonresident of the state. An attempt seems to have been made to get service on her by posting. An attachment was issued, and the Lone Tree Savings Bank · attached as garnishee. The bank appeared and filed a written answer, and, it seems,

produced in court either the money or a certificate of deposit. So much of the answer of the garnishee as is material follows:

At the time of the notice of garnishment served in this cause, Edith Schaapveld had deposited with this garnishee $150, by H. C. Buell, acting as her agent, as shown by the certificate hereto attached marked "A." Notice of the assignment of said money to F. B. Kimball has been served on the Lone Tree Savings Bank and H. C. Buell, which notices are hereto attached, marked "B" and "B2." The defendant, Edith Schaapveld, was, by letter written on December 2, 1910, notified of the claim of the said F. B. Kimball and by letter of December 4, 1910, denied the making of said assignment, and directed that said money be used to pay the claim sued on in this action. Said letter is attached, marked "C." Wherefore this garnishee asks to have this money disposed of by the court, and the certificate hereto attached is delivered to the court for that purpose, and this garnishee asks to be relieved from liability in connection therewith.

There was no appearance in the justice court for the principal defendants, though appellant's counsel seem to have been present as a friend of the court. No witnesses were sworn. Plaintiff moved for judgment against the garnishee, which was denied. The judgment recites that the bank is exonerated and discharged from liability to plaintiff, and the attachment is discharged. The certificate was returned to the bank. Plaintiff appealed from the judgment discharging the bank. Whether his appeal was perfected within the time and in the manner required by section 3931 of the Code we are not called upon to determine, as that question has not been raised on this appeal. After the appeal to the district court, plaintiff dismissed the appeal as to the husband, and thereupon appellant filed her motion to dismiss. The answer of the garnishee denied the validity of the assignment from appellant to Kimball, and claimed that she had directed the money to be paid to plaintiff. The justice seems to have determined the question of the validity of the assignment

without evidence. Both the plaintiff and the bank were entitled to be heard on that proposition. The statute provides that any person aggrieved by the final decision of a justice may appeal therefrom to the district court. Code, section 4546.

In *Hodge v. Ruggles*, 36 Iowa, 42, it was insisted, as it is here, that writ of error was the only remedy, but it was held that an appeal would lie; that the judgment of the justice's court discharging the garnishee finally disposed of the rights of plaintiff, so far as the garnishee was concerned; and that plaintiff was entitled under the law to have the matter upon the appeal retried on the merits. See, also, *National Bank v. Chase*, 71 Iowa, 120.

We therefore hold that an appeal would lie in this case; and this holding is not in conflict with *Doolittle v. Porter*, 145 Iowa, 385, relied on by appellant. In that case it was held that the action of a justice of the peace could be reviewed by writ of error where there was no dispute in the evidence or the facts conceded; that, under such circumstances, the question was one of law whether, under the conceded or undisputed facts, there was a right of recovery. In that case an appeal could have been taken had not plaintiff remitted enough of his judgment to bring the amount below $25; and the question was whether, under the circumstances, the action of a justice could also be reviewed by writ of error. In the case at bar there may be several disputed questions of fact on the trial in the district court. We have indicated one. The only question we determine is that appeal will lie from a judgment discharging a garnishee, if the amount in controversy is large enough, and that the district court did not err in so holding.

II. Appellant's motion to strike appellee's amended abstract is overruled. The abstract of appellant did not show that the note sued on contained a clause consenting to the jurisdiction of the justice for a larger amount than $100. Appellee set out a copy of the note. Appellant then denied this, and the record

2. APPEAL: abstract: motion to strike.

has all been certified. In the papers so certified, we find such a note. *Affirmed.*